UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal Action No. 07-0076 (MLC) |
| Plaintiff, | : | |
| v. | : | |
| | : | **REPORT AND RECOMMENDATION** |
| CURTIS G. WHITEFORD, | : | |
| DEBRA M. HARRISON, | : | |
| MICHAEL B. WHEELER, | : | |
| SEYMOUR MORRIS, JR., | : | |
| WILLIAM DRIVER, | : | |
| Defendants. | : | |

**HUGHES, U.S.M.J.**

This matter having been referred by Judge Mary L. Cooper on Defendant William Driver's ("Driver") Motion to Dismiss the Charges Against Defendant Driver Unless the United States Government Grants Use Immunity to Co-Defendant Debra Harrison ("Harrison") or Alternatively, to Grant Judicial Use Immunity to Co-Defendant Harrison [Dkt. entry no. 187]. Defendant Michael B. Wheeler ("Wheeler") joins Driver's Motion [Dkt. entry no. 196] in so far as he is seeking a Judicial Order Granting Use Immunity to Co-Defendant Harrison. The United States opposed Driver's Motion on August 22, 2008, [Dkt. entry no. 195] and opposed Wheeler's Motion on August 28, 2008. [Dkt. entry no. 198]. Both Driver and Wheeler file their Motions because Harrison's counsel advised that if Harrison is called as a witness by the defense, she will assert her Fifth Amendment right against self-incrimination. The Court heard oral argument on August 28, 2008. The Court recommends that Driver's Motion joined by Wheeler be denied on the grounds that both defendants have failed to meet their burden of showing clearly exculpatory evidence essential to a fair defense.

I.   BACKGROUND AND PROCEDURAL HISTORY

Defendants Driver and Wheeler are two of five defendants named in a twenty-five count indictment returned in the District of New Jersey on February 1, 2007. (*See* Sealed Indictment, [dkt. entry no. 18].) Driver is charged with four counts of money laundering in violation of 18 U.S.C. §1956(a)(B)(2)(ii) and Wheeler is charged with conspiracy to commit offense against the United States in violation of 18 U.S.C. §371 and conspiracy to commit money laundering in violation of 18 U.S.C. §1956(h). *Id*. The factual basis for the charges against Driver is the alleged four nine thousand dollar payments to a home improvement contractor for improvements to Harrison's home with cash allegedly stolen from the Coalition Provisional Authority ("CPA"). *Id*. at paras. 171-76. The factual basis for the charges against Wheeler in part is that Wheeler accepted things of value from contractor Philip Bloom in return for providing favorable official action regarding PA contract, that Wheeler took part with Harrison and others in a scheme to defraud the Department of Defense and CPA of money, property and their right to the honest and faithful services of Wheeler and others and that Wheeler and Harrison smuggled approximately $330,000 in stolen CPA funds into the United States from Iraq and evaded reporting requirements by failing to declare the money upon entry. *Id*. at paras. 151, 157, 162, 170.

On July 28, 2008, the Court accepted Harrison's plea of guilty to Count Eight of the indictment, which charged her with honest services wire fraud under 18 U.S.C. §1343 and 1346. As part of her plea colloquy, Harrison answered a series of questions about her conduct in Iraq and the United States, including but not limited to questions on the topic of her participation in structuring the payments to the home contractor. (*See* Def. Driver's Br., Ex. A, relevant six pages of Harrison plea transcript.)

On August 14, 2008, Driver filed a motion asking the Court to dismiss the charges against him if the government did not agree to provide use immunity to Harrison or alternatively, to grant judicial use immunity. [Dkt. entry no. 187]. Driver argues that Harrison's testimony "is not only relevant to the money laundering charges against Driver, it is exculpatory and should be presented to the jury." (Def. Driver's Br. at 3.) On August 22, 2008, the United States opposed Driver's Motion. [Dkt. entry no. 195]. On August 25, 2008, Wheeler joined Driver's motion to the extent that it seeks a grant of judicial use immunity for witness Harrison [Dkt. entry no. 196] because Wheeler "believes that Harrison possesses exculpatory information regarding his involvement in the bribery, wire fraud, theft and smuggling scheme." (Def. Wheeler's Br. at 3.) On August 28, 2008, the United States opposed Wheeler's Motion. [Dkt. entry no. 197].

## II.   DISCUSSION

There exist two instances in which due process requires that a defense witness be guaranteed prosecutorial immunity. *Government of the Virgin Islands v. Smith*, 615 F.2d 964, 968, 974 (3d Cir. 1980). "First, in cases where the prosecution's decision to refuse to grant immunity is made with the deliberate intention of distorting the factfinding process, the court could order the government to provide statutory immunity to the witness." *United States v. Santtini*, 963 F.2d 585, 597 (3d Cir. 1992) (citing *Smith*, 615 F.2d at 968). In *Santtini,* the Court "stressed that this avenue of relief would be foreclosed absent some showing of 'distortion' or prosecutorial misconduct." *Santtini*, 963 F.2d at 598. If the government does not grant statutory immunity to a deserving witness, a judgment of acquittal may be entered in the defendant's favor. *United States v. Herman*, 589 F.2d 1191, 1213 (3d Cir. 1978) *cert. denied* 441 U.S. 913 (1979).

The second instance in which due process requires that a defense witness be guaranteed

prosecutorial immunity was raised by the *Herman* Court, where the Court stated,

"But while we has no power to order a remedial grant of statutory immunity to a defense witness absent a showing of unconstitutional abuse, a case might be made that the court has inherent authority to effectuate the defendant's compulsory process by conferring a judicially fashioned immunity upon a witness whose testimony is essential to an effective defense." *Id*. at 1204.

This type of grant of immunization of a defense witness' testimony is limited to those situations where:

1. Immunity is properly sought in the District Court;

2. The defense witness is available to testify;

3. The proffered testimony is clearly exculpatory;

4. The testimony is essential; and

5. There is no strong governmental interests which countervail against a grant of immunity.

*Smith*. 615 F.2d 968, 972.  For judicial use immunity to be granted the testimony must be "clearly exculpatory" and "essential." *United States v. Lowell*, 649 F.2d 950, 964 (3d Cir. 1981).  Testimony that is "ambiguous, not clearly exculpatory, cumulative or if it is found to relate only to the credibility of the government's witnesses" should not be granted immunity. *Id*.

    **A.**    **Prosecutorial Misconduct**

        **I.**    **Defendant Driver**

Defendant Driver has failed to prove the existence of a deliberate intention to distort the judicial factfinding process as required by *Smith*.  *See Santtini*, 963 F.2d at 598.  Driver asserts

that "if the statement that Harrison made under oath at her plea (i.e. that she made the payments to the contractor) is believed by the jury, they must acquit defendant Driver of all charges against him." (Def. Driver's Br. at 3.)  Driver further asserts that he has more than satisfied his burden; therefore, the failure of the government to grant statutory immunity would impede the factfinding process by the jury.  *Id*. at 3, 4.  However, the United States maintains that Driver's only submission as to a deliberate intention to distort the judicial factfinding process is to claim that because Harrison's testimony is relevant and exculpatory, a failure to immunize will impede the factfinding process does not constitute a showing of prosecutorial misconduct.  (Pl.'s First Opp'n Br. at 8.)  The United States further maintains that if Driver's broad claim that any decision not to immunize his wife and co-defendant stems from a desire to distort the factfinding process justifies immunity then every defendant seeking to immunize a witness with allegedly exculpatory information would prevail.  *Id.*  The Court finds no indication of any prosecutorial misconduct in this matter.

### ii. Defendant Wheeler

Defendant Wheeler makes no allegations in this motion papers of a deliberate intention by the United States to distort the factfinding process.

### B. Clearly Exculpatory Evidence

### I. Defendant Driver

Defendant Driver states that,

> "co-defendant Harrison has clearly exculpatory evidence in her sole knowledge and possession with regard to the money laundering charges against Driver [specifically,] . . . direct evidence of the nature of the financial arrangements within the marriage [and] . . .

5

>statements which she made to Driver regarding the structuring of payments to the home improvement contractor, or lack thereof." (Def. Driver's Br. at 5.)

Defendant Driver also states that in Harrison's plea, she stated that she and not Driver made the payments to the contractor. (Def. Driver's Br. at 2.) However, the United States points out that this alleged statement does not appear in the transcript. (Pl.'s First Opp'n Br. at 10.) The United States maintains that "[n]ot only did Harrison not say Driver did not make the payments, she affirmed that he might have done so . . .[and] her testimony [does not] imply that she made all of the payments." *Id.*; *see also* Def. Driver's Br. Ex. A. The United States further points out that testimony by Harrison that she made each and every payment to the home contractor with no involvement from Driver would conflict with her plea colloquy. (Pl.'s First Opp'n Br. at 12.) Harrison was asked if anyone else made $9,000 cash payment and if it was possible that William Driver made payments, she responded in her plea colloquy, "I don't remember if William Driver did or not. If he did, I would have given him the cash. Yes, yes, it's just my memory is not that good." Def. Driver's Br. Ex. A. "Immunity will be denied if the proffered testimony is found to be ambiguous, not clearly exculpatory, cumulative or if it is found to relate only to the credibility of the government's witnesses." *Smith*, 615 F.2d at 972. The Court finds that Driver's proffered testimony of Harrison is ambiguous at best due to her poor memory and certainly does not amount to clearly exculpatory evidence.

      ii.      **Defendant Wheeler**

Defendant Wheeler joins Driver in his position that the testimony of Harrison is clearly exculpatory, specifically "towards Wheeler since the government must prove both that Wheeler

moved or caused the stolen money to be moved across a U.S. border and that Wheeler knew that the money had been taken by fraud." (Def. Wheeler's Br. at 5.)  Wheeler relies upon the assertion that Harrison told agents that "no one else knew about the money" (MOI dated December 15, 2005, para. 15) and that Wheeler specifically "had no knowledge that [she] was carrying her money at the time." (MOI January 5, 2006, para. 48). *Id*.  The United States points out that Harrison's testimony is not clearly exculpatory because her statements that Wheeler did not know about the money she carried back from Iraq are contradicted by government exhibit 48, an email attached to their opposition to Wheeler's Motion.  (Pl.'s Second Opp'n Br. at 5.)  Harrison specifically states in her email that she gave Wheeler $1,000 in cash, paid for his travel expenses and denied his request for additional cash.  *See* Pl.'s Second Opp'n Br. Ex. A.  Immunity shall be denied where any exculpatory testimony would be "severely impeached" by a prior inculpatory statement by the same witness.  *United States v. Perez*, 280 F.3d 318, 348 (3d Cir. 2002).

    Wheeler argues that "Harrison will provide exculpatory information regarding the Government's assertion that Wheeler retrieved various weapons from Fort Bragg, North Carolina as part of his participation, with cooperating witnesses Robert Stein, Philip Bloom and others, in a conspiracy to commit offense against the United States. *Id.* at 6.  Specifically, Harrison told agents that "Wheeler acted in good faith when he took possession of the weapons" and that both she and Wheeler "thought the weapons purchase was legitimate." (MOI dated December 15, 2005, para. 18, MOI dated January 5, 2006, para. 52).  The United States maintains that Harrison's statements regarding Wheeler's state of mind as to the weapons, specifically that he acted in good faith and believed the weapons purchase was legitimate is not essential because of its speculative and inadmissible nature.  (Pl.'s Second Opp'n Br. at 5.)  Under Federal Rule of

Evidence 704(b), no expert witness may testify whether a criminal defendant did or did not have the mental state required to commit a crime.  Fed. R. Evid. 704(b).  The United States further maintains that a co-conspirator cannot testify as to the dispositive issue of a co-defendant's state of mind "because state of mind is directly linked to an element of the offense - the defendant's *mens rea*." (Pl.'s Second Opp'n Br. at 5.)  The United States points out that Wheeler himself is an obvious substitute for Harrison's opinion testimony as to Wheeler's state of mind.

The Court finds that Harrison's proffered testimony that Wheeler did not know about the stolen money and that Wheeler acted in good faith when he took possession of the weapons because he believed that the weapons purchase was legitimate goes to Wheeler's state of mind, which would in all likelihood be deemed inadmissible and certainly cannot be considered clearly exculpatory evidence.  Reduced to its essence, Wheeler's clearly exculpatory evidence amounts to little more than a lack of conversation between Harrison and Wheeler and Harrison's state of mind.

### III.   CONCLUSION

In view of the foregoing, it is respectfully recommended that Defendant Driver's Motion to Dismiss the Charges Against Defendant Driver Unless the United States Government Grants Use Immunity to Co-Defendant Harrison or Alternatively, to Grant Judicial Use Immunity to Co-Defendant Harrison be denied.  The Court finds no showing of clearly exculpatory evidence.  It is also respectfully recommended that Defendant Wheeler's Motion for a Judicial Order Granting Use Immunity to Co-Defendant Harrison be denied with prejudice.  The Court again finds no showing of clearly exculpatory evidence.  Neither defendant pressed the argument of

prosecutorial misconduct and in view of the finding of no clearly exculpatory evidence, there is no need to reach the issue of countervailing governmental interests.

As an important postscript to this opinion, the Government acknowledged at oral argument that, if the trial of Mr. Driver's case took place after judgment is entered in Ms. Harrison's case, her Fifth Amendment privilege would be extinguished.  Mr. Driver could then compel her testimony without having to meet the "clearly exculpatory" standard.  As the money laundering claims against Mr. Driver seem a small adjunct to the overall conspiracy case, severance might accomplish the important goals of not only affording Mr. Driver his due process right to present witness testimony, but also the efficient and fair presentation of the case to the jury to every party's benefit.

Local Civil Rule 72.1(c)(2) permits objections to this Report and Recommendation within ten (10) days after being served with a copy thereof.  The Clerk of Court is directed to serve a copy of this Report and Recommendation on Plaintiff and Counsel for Defendant by **regular and certified mail**.

    Respectfully submitted,

    *s/ John J. Hughes*
    **JOHN J. HUGHES**
    **UNITED STATES MAGISTRATE JUDGE**

**DATED:** August 28, 2008